ROBERT B. TRUE & *a. v.* ALBERT S. COOK & *a.*

*John W. Perkins* and *Everett P. Holland* (*Mr. Holland* orally), for the plaintiffs.

*George R. Scammon* and *Lindsey R. Brigham* (*Mr. Brigham* orally), for the defendants.

BRANCH, C. J. The language of the devise to Lena E. True involves the usual questions of interpretation which are expectable in a home made will. The principal question presented and argued by the parties is what effect shall be given to the following words in the third clause of said will: "with the understanding that she shall live with the said Henry A. Cook during his lifetime." It is the contention of the defendants that these words created a condition precedent and that no estate could vest in Lena E. True until she had lived with Henry A. Cook "during his lifetime." It is also argued by the defendants that the purpose of the third clause of said will was to provide for the comfortable support and maintenance of Henry A. Cook so long as he should live. The inconsistency between these two arguments indicates one of the reasons why the contention of the defendants cannot be adopted. The idea that a provision designed for the support and benefit of Henry A. Cook was so conditioned that it could not take effect until his death, is so incongruous that it must be summarily rejected.

The utmost effect that can be given to the words here involved is that they create a condition subsequent with no provision for forfeiture or reverter in case of a breach attached thereto. By this devise, Lena E. True took a vested estate in remainder in the estate devised, subject to a condition subsequent that she live with Henry A. Cook "during his lifetime." It is plain that the said Lena E. True complied with the terms of the will so far as it was possible for her to do so by living with the said Henry A. Cook until her death, which made a complete compliance with the condition impossible. Under these circumstances the case comes within the principle stated in *George v. George,* 47 N. H. 27, 45, that where a condition becomes impossible to fulfill "by act of God, and without fault of the grantee or devisee, then the estate . . . becomes absolute." This appears to be the general law. 19 Am. Jur. Title: Estates, *s.* 82. We, therefore,

conclude that the title of the plaintiffs, as heirs-at-law of Lena E. True, became absolute upon her death, and a decree quieting their title to the premises should be entered.

*Decree for the plaintiffs.*

All concurred.